FILED

IN THE UNITED STATES CIRCUIT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 FEB 27 AM 11:09

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

CATHERINE SEIDERMAN,

Plaintiff,

-vs-

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

Defendant.
_____/

CASE NO.:

2:14-cv-113-FtM-38DNF

## COMPLAINT

1. The Plaintiff, CATHERINE SEIDERMAN, by and through the undersigned counsel, sues the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO"), and in support thereof respectfully alleges the following:

2. Plaintiff alleges violation of the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

3. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 15 U.S.C. § 1692 K(d) and F.S. §47.001.

5. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Lee County, Florida.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a natural person and citizen of the State of Florida, residing in Lee County, Florida.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

8. Plaintiff is a debtor and/or alleged debtor pursuant to Florida Statue 559.55(2).

9. Defendant, PORTFOLIO, is a corporation and citizen of the State of Delaware with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia.

10. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's residential telephone number, (239) 540-0363, several times during one day, and on back to back days, from January, 2012 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

13. Defendant was attempting to collect on a debt based on an "Ann Taylor" credit card issued by World Financial Network Bank, Account No. ending in 94831, in the approximate amount of $352.00 (the "subject debt").

14. Plaintiff, is eighty-two (82) years old, has never shopped at an "Ann Taylor" store nor has she ever applied for an "Ann Taylor" credit card. Upon receiving several calls from Defendant, Plaintiff's sister, "Edith" returned the Defendant's calls to inform its representatives

of these facts, however, Defendant's representative was so rude to her that Edith was force to hang up the phone.

15. Some, or all, of the calls the Defendant made to the Plaintiff were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Each call the Defendant made to the Plaintiff's residential telephone number was done so without the "express permission" of the Plaintiff.

17. In approximately January 2012, Plaintiff began receiving calls from Defendant's agents and representatives attempting to collect on a debt by calling Plaintiff repeatedly and leaving an artificial voice in prerecorded messages without Plaintiff's expressed consent and despite Plaintiff repeatedly advising each of the Defendants' representatives and agents that she did not have an "Ann Taylor" account.

18. Despite informing the Defendant that she did not have an "Ann Taylor" account and never had one, the automated calls from Defendant to Plaintiff's residential phone continued approximately two times a day. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

19. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's residential telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

20. Despite actual knowledge of their wrongdoing, the Defendant continued their campaign of abuse.

21. While Plaintiff did not keep a document each and every call made by Defendant to her, the attached **Exhibit "A"** is a reflection of Defendant's call frequency concerning those calls Plaintiff did document.

22. Defendants' corporate policies are structured as to continue to call individuals like the Plaintiffs, despite these individuals explaining to the Defendants that they are the wrong party.

23. Defendants' corporate policies provided no means for the Plaintiffs to have their number removed from their call lists.

24. Defendants have corporate policies to harass and abuse individuals and set up their call-back systems in a manner which makes it virtually impossible for the automated calls to stop.

25. Defendants have harassed and abused the Plaintiff in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiff.

26. Defendants' refusal to remove the Plaintiff's phone number from their calling lists and dialing systems, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left two to three times a day, has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

27. Defendant's calls and refusals to stop calling were attempts to collect the alleged debt from Plaintiff by harassment.

28. Due to Defendant's constant calls and demands for payment, Plaintiff suffered actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

29. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy

life pursuant to Federal Statute 15 U.S.C. § 1692 have continued and are continuing as of the filing of this complaint.

30. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I

**(Violation of the Fair Debt Collection Practices Act "FDCPA")**

Plaintiff re-alleges paragraphs one (1) through thirty (30) above and further states:

31. The foregoing acts and omissions of the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiffs:

  (a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

  (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

  (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiffs' phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
**(Violations of the Florida Consumers Collection Protection Act "FCCPA")**

Plaintiff re-alleges paragraphs one (1) through thirty (30) above and further states:

32. At all times relevant to this action Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, per its conduct in continuing to call Plaintiff on the subject Verizon account, despite repeated notifications to stop calling and that Plaintiff was not Defendant's customer, engaged in conduct that can only be construed as conduct alleging that Plaintiff was obligated to pay said debt.

34. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass Plaintiff, an alleged debtor.

35. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

36. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff.

37. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation,

embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff